EXHIBIT A

'24 JAN 18 AM11:18
Brice Garrett COC GVL SC

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA, | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF GREENVILLE | ) | |
| Erica Davis, Austin Davis (pro per) Plaintiff, | ) | SUMMONS |
| vs. | ) | FILE NO. 2024-CP-23-00341 |
| SYNOVUS BANK Defendant. | ) | |

TO THE DEFENDANT ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Greenville, South Carolina

Erica Davis, Austin Davis
Plaintiff/Attorney for Plaintiff

Dated: 01/18/2024

Address: 131 Roundtree Dr, Simpsonville, SC, 29681

SCCA 401 (5/02)

'24 JAN 18 AM11:18
Brice Garrett COC GVL SC

**COURT OF COMMON PLEAS IN THE THIRTEENTH JUDICIAL CIRCUIT COURT IN AND FOR GREENVILLE COUNTY**

| | |
|---|---|
| **Austin Davis & Erica Davis** | ) CASE NO. 2024CP23 00341 |
| **( Plaintiffs )** | ) COMPLAINT FOR |
| VS. | ) 1.LACK OF STANDING TO FORECLOSE |
| **SYNOVUS BANK** | ) 2.FRAUD IN THE CONCEALMENT |
| **( Defendants )** | ) 3.FRAUD IN THE INDUCEMENT |
| | ) 4.INTENTIONAL INFLICTION OF |
| | ) EMOTIONAL DISTRESS |

---

COME NOW the Plaintiffs, Erica Lynn Davis, Austin Jamal Davis ("Plaintiffs"), complaining of the defendants as named above, and each of them, as follows:

**PARTIES**

1. Plaintiffs are now, and at all times relevant to this action, a resident of Greenville County, South Carolina.

2. Defendant, SYNOVUS BANK is an American Multinational banking and financial services corporation licensed to do business in South Carolina headquartered in Columbus, GA.

**JURISDICTIONAL ALLEGATIONS**

3.. This action includes a demand for money damages in excess of $7500.

4. The transactions and events which are the subject matter of this Complaint all occurred within Greenville County, South Carolina.

5. The Property is located within Greenville County, South Carolina, having an address of 131 Roundtree Drive, Simpsonville, South Carolina.

6. This Court has jurisdiction.

**GENERAL FACTUAL ALLEGATIONS**

7. This is an action brought by Plaintiffs for declaratory judgment, injunctive relief; and for compensatory, special, general, and punitive damages.

8. Plaintiffs entered into a "loan agreement" secured by Promissory Note (Note) and Mortgage with Defendant

9. On April 19, 2023, Plaintiffs sent a Bona Fide dispute, titled "NOTICE OF RECISSION AND OPPORTUNITY TO CURE", to Defendant and defendants registered agent regarding a discovery that certain Truth in Lending Act ("TILA") disclosures that were not provided to Plaintiffs during the transaction pursuant to the act.

10. This dispute letter contained verbiage that introduced an accord, pursuant to [UCC § 3-303].

11. Defendant's registered agent, Deacon Service, LLC, accepted the letter on April 24, 2023.

12. Defendant did not acknowledge that Bona Fide dispute was received by either furnishing a response with revisions, rejection contesting the accord, or acceptance of the accord.

13. On April 26, Plaintiffs began to send indorsed, non-negotiable instruments ([UCC § 3-204], [UCC § 3-106(a)] respectively) to Defendant to satisfy the accord.

14. The indorsement read as follows:

(a)Account No. 1500633324 Payment in Full; Accord & Satisfaction (on the face of the instrument).

(b) By acknowledgement and endorsement of this draft the payee acknowledges full and final settlement of all sums owed to the payee by the payor on Loan No. 1500633324 (on the rear of the instrument in the endorsement section).

15. Defendant accepted and cashed all drafts containing the conspicuous statements sent by the Plaintiff to Defendant's payment processing center.

16. From April 26 to December 4 of 2023, Plaintiff furnished 13 instruments to Defendant, all containing the conspicuous indorsements.

17. Defendants have not refunded any of the instruments' contained monetary value to the Plaintiffs after 90 days.

18. On July 3, 2023 Plaintiffs drafted a letter titled "REQUEST FOR ACCOUNTING, REQUEST REGARDING LIST OF COLLATERAL OR STATEMENT OF ACCOUNT" and sent to Defendant at their address: 800 Shades Creek Pkwy, MS-130, Birmingham, AL, 35209, to confirm that Defendant considered the debt satisfied in agreement with the accord and the obligation that was performed.

19. On December 8, 2023, Defendants drafted a letter titled "PAYOFF STATEMENT" requesting the full amount owed (1500633324) on the account alleged to still belong to the Plaintiffs regarding the Mortgage and sent to Plaintiffs.

20. On December 15, HAYNSWORTH SINKLER BOYD P.A. (attorney for Defendant drafted and sent a letter further detailing: "If the Note is not paid in full in 30 days Synovus will exercise all rights available to it under the Note, Mortgage, and South Carolina law."

**COUNT ONE: LACK OF STANDING TO FORECLOSE**

21. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

22. The chain of title is imperfect because it cannot establish proper receipt, possession, transfer, negotiation, assignment and ownership of the borrower's original Promissory Note together with the original Mortgage.

23. Defendant cannot establish current possession of both the original Note and the Mortgage.

24. Proper transfer indorsement of the Note and proper assignment of the Mortgage Deed of Trust has not occurred.

25. Plaintiffs further allege that the Note no longer exists in its original capacity as it has been sold and securitized into a REMIC TRUST.

26. The REMIC TRUST certificates generated from the Note securitization have been distributed to private investors who hold no specific claim to the property detailed in this action.

27. The certificate holders do not each hold undivided fractional interests in the Note itself.

28. The certificate holders are not the assignees of one or more specific installment payments made pursuant to the note.

29. Plaintiffs further allege any other banks or financial entities holding the Note in the middle of the chain of transfers have been paid in full.

30. WHEREFORE Plaintiffs move this Honorable Court to enter an Order for Inunction declaring that title to the Property remain in the name of the Plaintiffs' name during the pendency of this litigation, deeming that any attempted sale of the Property is "unlawful and void".

**SECOND COUNT: FRAUD IN THE CONCEALMENT**

31. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

32. Defendants violated TILA by failing to provide Plaintiffs with accurate material disclosures required under TILA including but not limited to: (1)Loan Estimate Disclosure intended to be provided under the act; (2) Recission disclosures intended to be provided under the Act.

33. Defendants concealed the fact that the Note would be securitized, as well as the terms of the Securitization Agreements, including: (1) Financial Incentives paid; (2) existence of Credit Enhancement Agreements; (3) existence of Acquisition Provisions.

34. Defendant concealed the fact that Borrower's loan changed in character since no single party would hold the Note.

35. Defendant sold the note into a REMIC TRUST, where investors would effectively "buy shares" of the income stream from a pool of loan(s) (including the Plaintiff's) via trust certificates.

36. The loan to Plaintiffs was a federally regulated mortgage loan as defined in RESPA.

37 .Defendant has not responded to any written complaints or disputes mailed to the Defendant by the Plaintiff pursuant to section 6 of RESPA.

38. Defendants' actions were malicious and done willfully in conscious disregard of the rights and safety of Plaintiffs in that the actions were calculated to defraud Plaintiffs.

39. Defendants were enriched as a direct result of defrauding Plaintiffs who are therefore entitled to equitable restitution from profits obtained by Defendants.

40. WHEREFORE the Plaintiffs do so Move this Honorable Court to enter an Order for disgorgement of the Defendant's profits over the life of the loan.

**COUNT THREE: FRAUD IN THE INDUCEMENT**

41. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

42. Defendants intentionally misrepresented to Plaintiffs, that those Defendants were entitled to exercise the power of sale provision contained in Mortgage contract.

42. Defendants willfully misrepresented that they would remain the "holder and owner" of the Note otherwise Notice would be sent to Plaintiffs.

43. Defendants willfully misrepresented that they are the current "holder and owner" of the Note in order to unlawfully attempt to enact rights they no longer have under the Note.

44. Defendant's failure to disclose the material terms of the contractual relationship between the REMIC TRUST and themselves in regard to the path of the Note, induced Plaintiffs to accept the loan services as alleged herein.

45. The material misrepresentations were made by Defendants with the intent to cause Plaintiffs to reasonably rely on the misrepresentation as buyers in good faith in order to induce the Plaintiffs to enter into the loan agreement.

46. Defendants were aware of the misrepresentations and profited from them.

47. As a direct and proximate result of the misrepresentations and concealment, Plaintiffs were damaged in an amount to be proven at trial.

48. WHEREFORE Plaintiffs do so Move this Honorable Court to enter an Order in favor of the Plaintiffs for actual damages.

**FOURTH COUNT: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

49. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

50. At the time of the filing of this action, Erica Davis (one of the Plaintiffs) is approximately 31 weeks pregnant.

51. Defendants, willfully misrepresented to Plaintiffs, that those Defendants were entitled to exercise the power of sale provision contained in the Mortgage contract.

53. Defendant has threatened Plaintiffs with the loss of the Property unless Plaintiffs agree to continue to pay the Defendant under the terms of the Note.

54. As an actual and proximate cause of Defendants' claim of the right to foreclose on Plaintiffs' property, the Plaintiffs have suffered severe distress.

55. As an actual and proximate cause of Defendants' claim of the right to foreclose on Plaintiffs' property, the Plaintiff (namely Erica Davis) has suffered an increase in loss of sleep which can be dangerous to both mother and child.

56. WHEREFORE Plaintiffs hereby move this Honorable Court to enter an Order against the Defendants for punitive damages in an amount this Court deems appropriate and equitable.

**CONCLUSION**

57. WHEREFORE Plaintiffs do also move this Honorable Court to enter an Order for Declaratory Judgement including but not limited to the following decrees:

58. The Sponsor has no enforceable secured or unsecured claim against the Property;

59. The Depositor has no enforceable secured or unsecured claim against the Property;

60. The Mortgage Originator has no enforceable secured or unsecured claim against the Property;

61. Plaintiffs are entitled to the exclusive possession of the property.

62. Plaintiffs own property in fee simple.

63. Any attempt by the defendant to foreclose upon, sell, transfer, or assign the property is rendered unlawful and void during the course of this action.

64. Defendant is to remove or cause to be removed any and all payments identified as late payments from the Plaintiff's credit report.

65. Defendant is to report the subject loan as "Paid in full" and Satisfactory on the Plaintiff's credit report.

66. Quiet Title the property described in this action into the Plaintiffs name.

Dated: 01/18/2024

Austin J Davis & Erica Davis

Plaintiffs in Pro Per

**PROOF OF SERVICE** 2024CP2300341

I, the undersigned, say: I am over the age of 18 years and I am a party to the action or proceeding. My business address is 131 Roundtree Drive, Simpsonville, South Carolina, [29681] in the republic of the United States of America.

On January 18, 2024, I served the foregoing document(s) described as OFFICIALCOMPLAINT on all interested parties, including but not limited to, by recording this day the proper documents within the following office(s):

Greenville County Clerk of Court
Greenville County Court of Common Pleas -Thirteenth Judicial Circuit Court
305 E North St
Greenville, SC 29601

The documents were served by the following means (specify):

[X] BY PERSONAL SERVICE - I personally delivered the documents to the persons at the addresses listed above. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and eight in the evening.

I, declare under penalty of perjury, under the laws of the United States of America that the forgoing is true and correct.

Executed on the date above, at Greenville, South Carolina

[signature] 01/18/2024
Davis, Austin Jamal, Date

STATE OF SOUTH CAROLINA

COUNTY OF GREENVILLE

IN THE COURT OF COMMON PLEAS

Erica Davis, Austin Davis (proper)
Plaintiff(s)

vs.

SYNOVUS BANK
Defendant(s)

## CIVIL ACTION COVERSHEET

2024-CP-23-00341

'24 JAN 18 AM11:18
Brice Garrett COC GVL SC

Submitted By: Austin Davis
Address: 131 Roundtree Drive, Simpsonville, SC, 29681

SC Bar #: N/A (pro per)
Telephone #: 704 330 3026
Fax #:
Other:
E-mail: signaturegain@gmail.com

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing cases that are NOT E-Filed. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint. **This form is NOT required to be filed in E-Filed Cases.**

## DOCKETING INFORMATION (*Check all that apply*)

****If Action is Judgment/Settlement do not complete***

☐ **JURY TRIAL** demanded in complaint. ☐ **NON-JURY TRIAL** demanded in complaint.
☒ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Certificate Attached)

## NATURE OF ACTION (*Check One Box Below*)

**Contracts**
- ☐ Constructions (100)
- ☐ Debt Collection (110)
- ☐ General (130)
- ☐ Breach of Contract (140)
- ☒ Fraud/Bad Faith (150)
- ☐ Failure to Deliver/ Warranty (160)
- ☐ Employment Discrim (170)
- ☐ Employment (180)
- ☐ Other (199)________

**Torts - Professional Malpractice**
- ☐ Dental Malpractice (200)
- ☐ Legal Malpractice (210)
- ☐ Medical Malpractice (220)

Previous Notice of Intent Case #
20____-NI-_____-_________
- ☐ Notice/ File Med Mal (230)
- ☐ Other (299) ________

**Torts – Personal Injury**
- ☐ Conversion (310)
- ☐ Motor Vehicle Accident (320)
- ☐ Premises Liability (330)
- ☐ Products Liability (340)
- ☐ Personal Injury (350)
- ☐ Wrongful Death (360)
- ☐ Assault/Battery (370)
- ☐ Slander/Libel (380)
- ☐ Other (399) ________

**Real Property**
- ☐ Claim & Delivery (400)
- ☐ Condemnation (410)
- ☐ Foreclosure (420)
- ☐ Mechanic's Lien (430)
- ☐ Partition (440)
- ☐ Possession (450)
- ☐ Building Code Violation (460)
- ☐ Other (499) ________

**Inmate Petitions**
- ☐ PCR (500)
- ☐ Mandamus (520)
- ☐ Habeas Corpus (530)
- ☐ Other (599) ________

**Administrative Law/Relief**
- ☐ Reinstate Drv. License (800)
- ☐ Judicial Review (810)
- ☐ Relief (820)
- ☐ Permanent Injunction (830)
- ☐ Forfeiture-Petition (840)
- ☐ Forfeiture—Consent Order (850)
- ☐ Other (899) ________

**Judgments/Settlements**
- ☐ Death Settlement (700)
- ☐ Foreign Judgment (710)
- ☐ Magistrate's Judgment (720)
- ☐ Minor Settlement (730)
- ☐ Transcript Judgment (740)
- ☐ Lis Pendens (750)
- ☐ Transfer of Structured Settlement Payment Rights Application (760)
- ☐ Confession of Judgment (770)
- ☐ Petition for Workers Compensation Settlement Approval (780)
- ☐ Incapacitated Adult Settlement (790)
- ☐ Other (799) ________

**Appeals**
- ☐ Arbitration (900)
- ☐ Magistrate-Civil (910)
- ☐ Magistrate-Criminal (920)
- ☐ Municipal (930)
- ☐ Probate Court (940)
- ☐ SCDOT (950)
- ☐ Worker's Comp (960)
- ☐ Zoning Board (970)
- ☐ Public Service Comm. (990)
- ☐ Employment Security Comm (991)
- ☐ Other (999) ________

**Special/Complex /Other**
- ☐ Environmental (600)
- ☐ Automobile Arb. (610)
- ☐ Medical (620)
- ☐ Other (699) ________
- ☐ Sexual Predator (510)
- ☐ Permanent Restraining Order (680)
- ☐ Interpleader (690)
- ☐ Pharmaceuticals (630)
- ☐ Unfair Trade Practices (640)
- ☐ Out-of State Depositions (650)
- ☐ Motion to Quash Subpoena in an Out-of-County Action (660)
- ☐ Pre-Suit Discovery (670)

Verified

ENTERED COMPUTER

**Submitting Party Signature:** [signature] **Date:** 01/18/2024