IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Erica Davis and Austin Davis, ) | |
| ) | C/A No. 6:24-cv-00834-TMC |
| Plaintiffs, ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| v. ) | |
| ) | |
| Synovus Bank, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Erica Davis and Austin Davis (collectively, "Plaintiffs"), proceeding *pro se*, brought this action in state court (ECF Nos. 1; 1-1 at 1–8), seeking, among other things, declaratory relief from this Court barring Synovus Bank ("Defendant") from foreclosing on Plaintiff's property located in Simpsonville, South Carolina. Defendant removed the action to federal court, (ECF No. 1), and, in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the action was referred to a United States Magistrate Judge for all pretrial proceedings. Now before the Court is the magistrate judge's Report and Recommendation (the "Report'), (ECF No. 31), recommending that the Court grant Defendant's motion to dismiss (ECF No. 11). Plaintiffs filed a "motion for reconsideration", (ECF No. 34), which the Court construes as Plaintiffs' objections to the Report, *see* (ECF No. 35), and Defendant filed a reply, (ECF No. 37).

**Background**

In December 2019, in order to purchase their residential property, Plaintiffs entered into a loan agreement with Defendant, executed a promissory note and granted Defendant a mortgage interest in the property. (ECF No. 1-1 at 3). Plaintiffs allege Defendant sold the note into a trust arrangement "where investors would effectively 'buy shares' of the income stream from a pool of

loan(s) (including the Plaintiff[s'].'' (ECF No. 1-1 at 5). According to Plaintiffs, Defendant misrepresented that Defendant would remain the holder of the note and concealed the fact that no single party would hold the note. *Id*. at 5–6.

In April 2023, Plaintiffs sent Defendant a "notice of recission and opportunity to cure" its alleged failures to make proper disclosures; after Defendant did not respond, Plaintiffs sent a series of "non-negotiable instruments" to Defendant indicating the payments were in "full and final settlement of all sums owed." *Id*. at 3. Defendant accepted each payment. On December 15, 2023, Defendant, through legal counsel, sent Plaintiffs a letter demanding payment of the Note and warning that "[i]f the Note is not paid in full in 30 days [Defendant] will exercise all rights available to it under the Note, Mortgage, and South Carolina law." *Id*. at 4.

In January 2024, Plaintiffs filed this action against Defendant, asserting four causes of action: (1) declaratory judgment establishing that Defendant lacks standing to foreclose because the promissory note has been sold and transferred to a "Remic Trust", *id*. at 4–5; (2) fraud in the concealment in violation of the Truth in Lending Act ("TILA"), *id*. at 5–6; (3) fraud in the inducement, *id*. at 6; and (4) intentional infliction of emotional distress ("IIED") based on Defendant's warning that it would exercise its rights under the note if payment was not received, *id*. at 6–7. Defendant subsequently filed a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 11). Plaintiff filed a response in opposition (ECF No. 17), to which Defendant filed a reply (ECF No. 24).

**Report**

In the Report, the magistrate judge, as an initial matter, noted that for purposes of the motion to dismiss, he would consider "the mortgage (doc. 11-1 at 7–20), the note (doc. 24-1), correspondence sent by the defendant to the plaintiffs (doc. 17-1 at 93–95), and correspondence

2

sent by the plaintiffs to the defendant (doc. 17-1 at 70–73)," as these documents were referenced in the complaint. (ECF No. 31 at 5). Any other documents offered by Plaintiffs, however, were not considered by the magistrate judge. *Id*.

As for the merits of Defendant's motion, the magistrate judge concluded that "a ruling as to the propriety of any potential future attempt to foreclose on the Subject Property in this action (a matter that may or may not occur at some point in the future) would be premature 'and tantamount to an advisory opinion in contravention of Article III.'" *Id*. at 7 (quoting *Hanover Ins. Co. v. C. David Venture Mgmt., LLC*, No. 1:21-cv-00790, 2022 WL 3924264, at *4 (E.D. Va. Aug. 30, 2020)). Additionally, the Report noted that "[P]laintiffs' claims involving the mortgage/note rely on theories espoused in [publicly] available 'foreclosure prevention' complaints from entities claiming to be certified forensic loan auditors, which have been repeatedly rejected by courts in this circuit." *Id*. (citing *Biggers v. Wells Fargo Bank, N.A.*, No. 3:16-cv-00431-JAG, 2017 WL 465855, at *2–3 (E.D. Va. Feb. 3, 2017), *aff'd* 690 F. App'x 816 (4th Cir. 2017); *Webb v. Equifirst Corp.*, No. 7:15-cv-00413, 2016 WL 1274618, at *5–10 (W.D. Va. Mar. 31, 2016)). The magistrate judge, therefore, recommended that the Court dismiss Plaintiffs' first cause of action. (ECF No. 31 at 8).

With respect to Plaintiffs' second and third causes of action for fraud, (ECF No. 1-1 at 5–6), the magistrate judge first concluded that, to the extent these claims were based on TILA violations, they are barred by the one-year statute of limitations. (ECF No. 31 at 9) (explaining that because Plaintiffs' note and mortgage were executed on December 13, 2019, Plaintiffs' action filed in January 2024 was untimely). Additionally, the magistrate judge considered whether the statute of limitations was tolled based on fraudulent concealment, even though Plaintiffs made no such argument:

3

> . . . [T]here is nothing in the plaintiffs' complaint or the documents referenced therein indicating that the plaintiffs were prevented from discovering the alleged TILA breach or violation within the one year period as a result of concealment by the defendant (*see* docs. 1-1 at 3; 11-1 at 7–20; 24-1). *See Browning v. Tiger's Eye Benefits Consulting*, 313 F. App'x 656, 663 (4th Cir. 2009) (noting that "the fraudulent concealment doctrine [only] tolls the statute of limitations 'until the plaintiff in the exercise of reasonable diligence discovered or should have discovered the alleged fraud or concealment'" (citation omitted)). Here, the plaintiffs allege that various "fraudulent" actions were taken by the defendant, but they have not alleged how those alleged fraudulent acts prevented them from discovering the alleged TILA violations within the statute of limitations (see doc. 1-1 at 5–6). Therefore, even considering the plaintiffs' assertions of fraudulent concealment, the plaintiffs' TILA claims are time barred and should be dismissed.

*Id*. at 10. To the extent Plaintiffs are asserting fraud claims not based on TILA violations, the magistrate judge found that "plaintiffs' complaint contains only vague and conclusory allegations consisting of nothing beyond vague inferences and legal conclusions of fraudulent behavior," *id*., and does not "allege[] who made any fraudulent statements or when such statements were made," *id*. at 11. As a result, the magistrate judge concluded that Plaintiffs' fraud claims fail to satisfy the pleading standards imposed by Rule 9 of the Federal Rules of Civil Procedure. *Id*.

Finally, as to Plaintiffs' IIED claim, the magistrate judge concluded that Plaintiffs failed to allege the kind of extreme and outrageous conduct required to support such a claim: "[P]laintiff Erica's allegations that the defendant threatened her with the loss of the Subject Property if the mortgage was not paid as required under the note . . . falls far short of the 'extreme' and 'outrageous' standard required to state an IIED claim. Indeed, carrying 'out a legal remedy is not the kind of severe or outrageous conduct [that] supports an [IIED] claim.'" *Id*. at 12 (quoting *Biggers*, 2017 WL 465855, at *3; citing *Nolan v. U.S. Bank Nat'l Ass'n*, No. 2:23-cv-1443-RMG, 2024 WL 621082, at *1 (D.S.C. Feb. 14, 2024)).

## Standard of Review

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th

4

454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'"  *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)).  However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]"  *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only").  Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation.  *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally").  Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue."  *Elijah*, 66 F.4th at 460–61.

5

This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

## Discussion

Out of an abundance of caution, the Court has reviewed the Report in light of Plaintiff's objections under a *de novo* standard of review. In their objections, Plaintiffs do not address the magistrate judge's conclusion that their first cause of action for "lack of standing to foreclose" should be dismissed because it does not present a ripe controversy for adjudication. Instead, Plaintiffs direct their objections to the merits of their claims. (ECF No. 34-1 at 2–6). Plaintiffs argue in great detail that the loan agreement was not supported by consideration and, therefore, was never a valid agreement. *See id*. Specifically, Plaintiffs believe that there was no consideration from Defendant because Defendant "created money" through bookkeeping entries and did not actually transfer tangible assets. *See, e.g.*, (ECF No. 34-1 at 4–5). The Court agrees with the Report that Plaintiffs' first cause of action does not present an actual, ripe controversy for adjudication and, therefore, is subject to dismissal. *See, e.g., Lomp v. U.S. Mortg. Fin. Corp.*, No. WMN-13-1099, 2013 WL 6528909, at *4 (D. Md. Dec. 11, 2013) (dismissing claim for declaratory relief where "there was no existing [foreclosure proceeding]" because "Plaintiffs seek, in essence, an advisory opinion as to whether any future attempt at . . . foreclosure would be valid under

Maryland law. That is not the purpose of a declaratory judgment." (internal quotation marks omitted)).

Furthermore, even if Plaintiffs did not seek an advisory opinion in their first cause of action, the Court agrees with the magistrate judge that Plaintiffs failed to state a viable claim for relief. As previously noted, Plaintiffs' complaint asserted that they were entitled to recission based on Defendant's purported failure to disclose that the note might be sold and that Defendant would not remain as holder of the note, (ECF No. 1-1 at 3–6); however, in their objections, Plaintiffs shifted the basis of their challenge to the validity of the note to a "created money" or "vapor money" theory. According to Plaintiffs, there was no consideration supporting a valid loan agreement because Defendant did not actually transfer tangible assets but rather "created money" through accounting entries. *See* (ECF No. 34-1 at 4–5). Federal courts have consistently rejected the "vapor money" theory as meritless. *See, e.g*, *Demmler v. Bank One NA*, No. 2:05-cv-322, 2006 WL 640499, at *3-4 (S.D. Ohio Mar. 9, 2006) (rejecting theory as "patently ludicrous"); *United States v. Schiefen*, 926 F. Supp. 877, 880-81 (D.S.D. 1995) (rejecting argument that there was insufficient consideration to secure promissory note because lender had "created money" by means of bookkeeping entry, and noting argument that "United States currency is unbacked paper has been rejected by numerous courts"); *Essien v. CitiMortgage, Inc.*, No. 1:13-cv-02093-CAP-GGB, 2013 WL 12382317, at *9 (N.D. Ga. Sept. 23, 2013) (collecting cases rejecting "created money" theory "as lacking any legal foundation whatsoever"), *report and recommendation adopted*, No. 1:13-cv-2093-CAP, 2013 WL 12382341 (N.D. Ga. Oct. 21, 2013). The Court rejects this theory here, as well. Furthermore, to the extent Plaintiffs' first cause of action is based on their belief they are entitled to rescission of the mortgage agreement and/or note because the note was sold or securitized, the Court agrees with the Report that Plaintiffs have failed to state a claim for relief.

*See, e.g., Webb*, 2016 WL 1274618, at *7 (concluding that securitization or transfer of a note does not make the note unenforceable and citing cases to the same effect).

Next, with respect to their fraud claims, Plaintiffs challenge the Report and insist they have sufficiently pled a claim to survive Defendant's motion to dismiss. (ECF No. 34-1 at 9–11). Here again, Plaintiffs rely on the "created money" theory as the basis for their fraud claims and argue Defendant made a misrepresentation of material fact when it "claimed to provide valid monetary consideration through a loan" but, "[i]n reality, . . . the 'money' lent was created through accounting entries and not through the transfer of tangible assets." *Id*. at 9. As noted above, the undersigned agrees with those courts that have rejected this theory as a legitimate basis for a legal claim. Furthermore, this particular assertion does not appear in Plaintiffs' complaint, and the Court cannot even liberally construe the complaint as raising such a claim. Accordingly, the Court agrees with the magistrate judge that the complaint fails to satisfy the heightened pleading requirements imposed by Rule 9.[1]

Finally, Plaintiffs' objections do not address the magistrate judge's recommendation that the Court dismiss their IIED claim or the underlying reasons for such recommendation. *See* (ECF No. 34). The Court, having carefully reviewed the Report and the arguments of the parties, finds no basis for deviating from the analysis, conclusions and recommendations in the Report with respect to Plaintiffs' IIED claim. Under South Carolina law, a successful claim for IIED must involve conduct so "extreme and outrageous" as to exceed "all possible bounds of decency" and which is regarded as "atrocious, and utterly intolerable in a civilized community." *Hansson v. Scalise Builders of S.C.*, 650 S.E.2d 68, 70 (S.C. 2007). Like other district courts that have

---

[1] The Court also agrees with the magistrate judge's conclusion that to the extent Plaintiffs assert claims *under TILA or based on TILA violations*, the applicable limitations period bars such claims. (ECF No. 31 at 10). Plaintiff has not offered any reason for the Court to reject that conclusion.

considered this question, this Court concludes that giving notice of the potential or likely exercise of a legal remedy does not constitute extreme and outrageous conduct: "While undergoing foreclosure on one's residence is understandably upsetting, foreclosure is a legal remedy available to the lender under the law and under the terms of the documents [Plaintiffs] signed. It is not, therefore, the type of 'severe and outrageous' conduct that would support an emotional distress claim." *Webb*, 2016 WL 1274618, at *10; *see also Biggers*, 2017 WL 465855, at *3. Accordingly, the Court agrees with the magistrate judge that Plaintiff failed to state a claim for IIED and that this claim must be dismissed.

## Conclusion

For the reasons set forth above, the Court **ADOPTS** the Report of the magistrate judge (ECF No. 31) and hereby **GRANTS** Defendant's motion to dismiss (ECF No. 11).

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

Anderson, South Carolina
August 27, 2024

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.